[No. 19540.   Department Two.   April 22, 1926.]

DOLPH E. BOOZER, *Appellant*, v. FRANK A. BOOZER *et al.*, *Respondents*, W. R. BOOZER *et al.*, *Appellants*.[1]

[1] PARTNERSHIP (84, 95)—PRIVATE ACCOUNTING AND SETTLEMENT—EVIDENCE. Findings of a complete settlement between partners are sustained where one partner buys the interest of another knowing and taking into consideration the state of the accounts and amount of the assets and liabilities and with the understanding that payment of the sales price would be considered a dissolution of the partnership.

Cross-appeal from a judgment of the superior court for Spokane county, Huneke, J., entered March 31, 1925, upon findings in an action for a partnership accounting, tried to the court. Affirmed.

*Williams & Cornelius,* for appellants.

*Fred E. Butler* and *McCarthy, Edge & Lantz,* for respondents.

MAIN, J.—This was an action by one partner for an accounting as to the partnership transactions. The trial court first tried the question as to whether the plaintiff had a right to an accounting. At the conclusion of this evidence, the court was of the opinion that no such right existed, because there had been a settlement and adjustment of the partnership transactions. Findings of fact, conclusions of law and a judgment were thereupon entered dismissing the action, from which the plaintiff and the defendants W. R. Boozer and Fred J. Boozer appeal.

The preliminary facts leading up to this controversy will be found stated in the case of *Boozer v. Boozer, ante* p. 34, 245 Pac. 403, just decided, and need not be here repeated.

[1]Reported in 245 Pac. 405.

[1] The controlling question is, whether there had been a settlement and adjustment of the partnership affairs to which Dolph E. Boozer was a party. The evidence material to this question is decidedly conflicting. The trial court, after finding that Dolph E. Boozer was a party to the negotiations which began on or about July 26, 1922, and culminated on July 28 of that month in an agreement by which W. R. Boozer purchased the interest of Frank A. Boozer in the partnership and gave his promissory note therefor, found:

"That the nature of the business conducted by said partners was such that each of the partners in general had full knowledge of the business transaction of the other; that at all times herein mentioned, up to and including said 28th day of July, 1922, each and all of said Boozers knew approximately and substantially the source and amount of all moneys of said partnership received by said Frank A. Boozer, the nature and amount of all expenditures and payments made to, for or on behalf of said copartnership by said Frank A. Boozer, the state of his copartnership accounts, and the nature and extent of his right, title and interest in and to said copartnership business, property and assets.

"IV. That said receipts, expenditures and payments, the state of said copartnership accounts, and the nature and extent of his said right, title and interest in and to said copartnership business, property and assets were considered by them, and each of them and formed the basis for said offer to purchase or sell and for said sale price of $13,000.00; that they, and each of them, intended and understood that said negotiations, sale and the execution of said agreement and promissory note would and did constitute a dissolution of said copartnership and a full and complete settlement of all of said copartnership affairs and accounts; that said settlement was, and they, and each of them, knew it to be one of the considerations for the said sale of said Frank A. Boozer's interest and for the execution of said agreement."

If the facts are as found by the trial court, there can be no question but what there was a settlement and adjustment of the partnership affairs, which was binding upon Dolph E. Boozer. After a careful consideration of the evidence, we are of the opinion that the findings of the trial court are supported by the preponderance thereof. There can be no question that the parties had a right, if they saw fit, to adjust and settle their affairs in the manner in which they did.

It follows that the judgment must be affirmed, and it is so ordered.

TOLMAN, C. J., MITCHELL, MACKINTOSH, and PARKER, JJ., concur.